# RESTATED
# AGREEMENT AND DECLARATION OF TRUST

## Establishing the

## International Painters and Allied Trades

## Industry Pension Fund

This AGREEMENT AND DECLARATION OF TRUST is by and between the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES (hereinafter referred to as the "Union"), and the FINISHING CONTRACTORS ASSOCIATION (hereinafter referred to as the "F.C.A."), and various employers of members of the union who are or may become parties to this Agreement as hereinafter defined (hereinafter referred to as "Employer" or "Employers").

### WITNESSETH:

WHEREAS, the International Union of Painters and Allied Trades, and/or various Local Unions or District Councils of the Union, and Employers have entered into or expect to enter into collective bargaining agreements which provide, among other things, for the establishment of a Pension Fund and prescribe the contributions or payments to be made by the Employers to such Fund; and

WHEREAS, to accomplish the aforesaid purpose, it is desired to establish a Pension Fund as a Trust Fund for receiving contributions and providing benefits for eligible employees; and

WHEREAS, the said Trust Fund is to be known as the "International Painters and Allied Trades Industry Pension Fund"; and

36479-3



WHEREAS, it is desired to set forth the terms and conditions under which the said Fund is to be established and administered; and

WHEREAS, it has been mutually agreed that the Fund shall be administered by Trustees, and it is desired to define the powers and duties of the Trustees and the nature of benefits to be provided;

NOW, THEREFORE, in consideration of the premises, and the mutual covenants herein contained it is mutually understood and agreed as follows:

## ARTICLE I

Unless the context or subject matter otherwise requires, the following definitions shall govern in this Agreement:

*Section 1.*    AGREEMENT AND DECLARATION OF TRUST. The terms "Agreement and Declaration of Trust" or "Trust Agreement" shall mean this instrument, including any amendments hereto and modifications hereof. This Trust Agreement shall govern the operation of both the International Painters and Allied Trades Industry Pension Plan and the International Painters and Allied Trades Industry Annuity Plan.

*Section 2.*    PENSION FUND. The terms "Pension Fund" or "Fund" shall mean the International Painters and Allied Trades Industry Pension Fund, established by the Trust Agreement and shall mean generally the monies and other items of value which comprise the corpus and additions thereto, received or held for or on behalf of the Trustees under both the International Painters and Allied Trades Industry Pension Plan and the International Painters and Allied Trades Industry Annuity Plan. The Fund also shall be known as the "IUPAT Industry Pension Fund."

- 2 -

36479-3

*Section 3.*    PENSION PLAN.  The Term "Pension Plan" shall mean the Rules and Regulations of the International Painters and Allied Trades Industry Pension Plan, and any modification, amendment, extension or renewal thereof.  The Pension Plan also shall be known as the "IUPAT Industry Pension Plan."

*Section 4.*    ANNUITY PLAN.  The term "Annuity Plan" shall mean the Rules and Regulations of the International Painters and Allied Trades Industry Annuity Plan and any modification, amendment, extension or renewal thereof.  The Annuity Plan shall also be known as the "IUPAT Industry Annuity Plan."

*Section 5.*    TRUSTEES.

(a)    The term "Employer Trustees" shall mean the Trustees appointed by the Employers who are parties to this Agreement.

(b)    The term "Union Trustees" shall mean the Trustees appointed by the Union.

(c)    The terms "Board of Trustees," "Trustees" and "Board" shall mean the Employer Trustees and the Union Trustees, collectively, and shall include their successors when acting as Trustees.  Except where "United States" or "Canadian" is used in conjunction with them, the terms "Board of Trustees," "Trustees" and "Board" shall mean United States Trustees in matters involving their competence, or Canadian Trustees in matters involving their competence as set forth in Article IV, Section 1.

*Section 6.*    UNION.  The term "Union" shall mean the International Union of Painters and Allied Trades and its affiliated Local Unions and District Councils.

- 3 -

36479-3

Section 7.    CONTRIBUTING EMPLOYER.  The term "Contributing Employer" shall mean any person, company or business organization which is or shall become a party to the Trust Agreement and which has agreed or shall agree in a Collective Bargaining Agreement with the Union to make contributions to the Pension Fund.  In the case of an employer having more than one place of business, the term "Contributing Employers" shall apply only to the place of business specifically covered by the Collective Bargaining Agreement requiring contributions to the Pension Fund.

Section 8.    COLLECTIVE BARGAINING AGREEMENT.  The term "Collective Bargaining Agreement" shall mean any written labor contract by and between a Contributing Employer and the Union which provides for contributions to this Pension Fund with any and all extensions or renewals thereof and successor agreements thereto.

Section 9.    EMPLOYEE.  The term "Employee means: (a) Any person who performs work under a Collective Bargaining Agreement between a Contributing Employer and the Union and for whom the Employer is obligated to make contributions to the Trust; (b) any full-time salaried officer and employee of any Local Union or District Council which is permitted to participate in the Fund in accordance with the Rules and Regulations of the Pension Plan or Annuity Plan; (c) any member of such other class of employees employed by an Employer which is not within the bargaining unit represented by the Union provided that the employee's class is accepted for participation in the Fund in accordance with the Rules and Regulations of the Pension Plan or Annuity Plan. The term "Employee" shall not include any self-employed person, a sole proprietor of

- 4 -

or a partner in an unincorporated business, or, unless the Rules and Regulations provide otherwise, a corporate shareholder who spends less than 50% of his time performing work covered by a collective bargaining agreement.

Section 10.    EMPLOYER CONTRIBUTIONS. The term "Employer Contributions" shall mean payments made or to be made to the Fund by a Contributing Employer under the provisions of, or in accordance with, a Collective Bargaining Agreement and the Trust Agreement, or with regard to a Local Union or District Council or special classes of employees of a Contributing Employer, payments to the Fund pursuant to and in accordance with the Rules and Regulations of the Pension Plan and the Annuity Plan.

# ARTICLE II

# GENERAL

Section 1.    ESTABLISHMENT OF FUND. As hereby created, the International Painters and Allied Trades Industry Pension Fund shall comprise the entire assets derived from Employer Contributions made to or for the account of this Fund under Collective Bargaining Agreements, together with any and all investments made and held by the Trustees, or monies received by the Trustees as contributions or as income from investments made and held by the Trustees or otherwise, and any other money or property, received and/or held by the Trustees for the uses, purposes and trust set forth in this Agreement and Declaration of Trust.

Section 2.    GENERAL PURPOSE. The Fund shall be a Trust Fund and shall be used for the purpose of providing Pension and Annuity Benefits, as decided by the Trustees, and shall further

- 5 -

provide the means for financing the expenses of the Trustees and the operation and administration of the Fund, in accordance with this Agreement and Declaration of Trust.

## ARTICLE III

## UNITED STATES TRUSTEES

*Section 1.*     JOINT ADMINISTRATION.   The operation and administration of the Pension Fund shall be the joint responsibility of the Trustees appointed by the Employers and the Trustees appointed by the Union.

*Section 2.*     ACCEPTANCE OF TRUSTEESHIP.   The Trustees, by affixing their signatures at the end of this Agreement and Declaration of Trust, agree to accept the Trusteeship and act in their capacities strictly in accordance with the provisions thereof.  Each additional or successor Trustee shall execute a written acceptance in a form satisfactory to the Trustees and thereby shall be deemed to have accepted the Trust created and established by this instrument and to have consented to act as Trustee or to have agreed to administer the Trust Fund as provided herein.  Such written acceptance shall be filed with the Fund Administrator who shall notify the remaining Trustees of the receipt of such acceptance.

*Section 3.*     TERMS OF TRUSTEES.  Each Trustee shall continue to serve as such until his death, incapacity, resignation, inability to serve pursuant to Section 9 of this Article, or removal, as hereinafter provided.

*Section 4.*     The Board of Trustees shall consist of up to 24 Trustees, 12 to be appointed by the Union and 12 to be appointed by the Employers.

- 6 -

*Section 5.*      UNION TRUSTEES. The Union shall be and is empowered to appoint all Union Trustees.

*Section 6.*      EMPLOYER TRUSTEES. The F.C.A. shall be and is empowered to appoint all Employer Trustees; provided, however, that the FCA must remain an organization that admits to its membership only 100% Union Signatory Employers in order to maintain its rights hereunder.

*Section 7.*      REMOVAL OF TRUSTEES. The Union or the F.C.A. may remove any Trustee(s) appointed by it at any time, for any reason, with or without cause.

*Section 8.*      WHO MAY BE TRUSTEES. At the time of his/her appointment to the Board of Trustees, each Employer Trustee must be signatory to a collective bargaining agreement requiring contributions to this Fund, with a Local Union or District Council in whose geographic jurisdiction its principal place of business is located and such Employer Trustees must also employ an average of twenty-five (25) or more employees. Employer Trustees who satisfy these requirements at the time of their original appointment shall be considered as qualified during their tenure, until removed in accordance with provisions in this Trust. Union Trustees shall be General Officers of the International Union or members of the IUPAT who, in the opinion of the Union, are most likely to conscientiously serve the bests interests of the Fund.

*Section 9.*      FORM OF NOTIFICATION. In the event any Union Trustees are appointed or removed, a statement in writing by the Union shall be sufficient evidence of the action taken by the Union. In the event any Employer Trustees are appointed or removed, a statement in writing by the Employer or Association empowered to so appoint or remove shall be sufficient evidence of the

- 7 -

action taken by said Employer or Association. Any resignation by a Trustee shall be by certified mail, addressed to the office of the Fund.

Section 10.    VESTING OF POWERS AND DUTIES. Any additional or successor Trustee shall, immediately upon his appointment and his acceptance in writing filed with the Trustees, become vested with all the property, rights, powers and duties of a Trustee hereunder with like effect as if originally named as a Trustee and all the Trustees then in office and any Corporate Trustee or Corporate Agent appointed pursuant to Article V, Section 3, of this Trust Agreement and all other necessary persons shall be notified immediately.

## ARTICLE IV

## CANADIAN TRUSTEES

Section 1.    DECISIONS. The Canadian Board of Trustees shall make all decisions, and only such decisions, that affect Canadian participants, retirees and beneficiaries, Canadian Employers and monies contributed by them, and funds maintained in Canada.

Section 2.    APPOINTMENT. The Canadian Board of Trustees shall consist of up to 6 Trustees. The Union may appoint 3 Trustees, 2 of whom shall be Canadian citizens. Canadian Employers may appoint 2 Trustees who shall be Canadian citizens. Employer Trustees of this Fund may appoint 1 Trustee.

Section 3.    REMOVAL. The Union or Employers empowered by this Article to appoint Trustees may remove any Trustee(s) appointed by it or them.

Section 4.    WHO MAY BE TRUSTEES. Each Employer Trustee must be signatory to a

- 8 -

36479-3

collective bargaining agreement, requiring contributions to this Fund, with a Local Union or District Council in whose geographic jurisdiction his principal place of business is located. Each Employer Trustee must also employ an average of twenty-five or more employees. Union Trustees shall be General Officers of the International Union or members of the IUPAT who, in the opinion of the Union, are most likely to conscientiously serve the bests interests of the Fund.

*Section 5.*    PROCEDURES.  The procedures, rights and obligations set forth in Article III, Sections 2, 3, 9 and 10, shall apply to this Board of Trustees.

36479-3

# ARTICLE V

# POWERS, DUTIES AND OBLIGATIONS OF TRUSTEES

*Section 1.*    PROPERTY AND ASSISTANCE.  The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment manager or counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they may find necessary or appropriate in the performance of their duties and to pay the costs thereof out of the Fund.

*Section 2.*    CONSTRUCTION OF AGREEMENT.  The Trustees shall have the power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Contributing Employers, the employees and their families, dependents, beneficiaries and/or legal representatives.

*Section 3.*    GENERAL POWERS.  The Trustees are hereby empowered, in addition to other such powers as set forth herein or conferred by law:

(a) to establish and administer a Pension Fund, and Pension and Annuity Plans, on behalf of the Employees referred to in this instrument;

(b) to enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Pension Fund and to do all acts as they, in their discretion, may deem necessary and advisable;

(c) to compromise, settle, arbitrate and release claims or demands in favor of or against the

- 10 -

36479-3

Pension Fund or the Trustees on such terms and conditions as the Trustees may deem advisable;

(d) to establish and accumulate as part of the Pension Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purpose of such Trust;

(e) to pay out of the Pension Fund all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund or any money, property, or securities forming a part thereof;

(f) to make appropriate allocations of common administrative expenses and disbursements shared or to be shared with any other Plan or Fund;

(g) to receive contributions or payments from any source whatsoever to the extent permitted by law;

(h) to invest and reinvest the Pension Funds in any type of investments and to take any and all action with respect to holding, buying, selling or maintaining such investments as they, in their sole discretion, may deem appropriate;

(i) to procure a group annuity contract or contracts in accordance with the Insurance Code of the District of Columbia for the purpose of providing some or all of the benefits to be provided under this Pension Fund and/or appoint a bank or banks or trust company or trust companies to be designated as (1) "Corporate Trustee," and to enter into and execute a trust agreement or agreements with such bank or banks or trust company or trust companies, to provide for the investment and reinvestment of assets of the Pension Fund with such other provisions incorporated therein as may be deemed desirable in the Trustee's sole discretion for the proper management of the Pension Fund and

- 11 -

without limit with respect to the powers which the Trustees may grant to such Corporate Trustee, in such agreement to the extent permitted by law; or as (2) "Corporate Agent";

(j) to do all acts, whether or not expressly authorized herein, that the Trustees may deem necessary or proper for the protection of the property held hereunder;

(k) to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary to accomplish to the general objective of enabling the employees to obtain pension and annuity benefits in the most efficient and economical manner.

Section 4.    COMPENSATION. The Union and Employer Trustees shall not receive compensation for the performance of their duties. However, they may be reimbursed for reasonable out-of-pocket travel and incidental expenses in connection with their duties as Trustees.

Section 5.    AUTHORITY TO ENTER INTO AGREEMENTS WITH OTHER TRUSTEES. The Trustees are hereby given authority to enter into agreements with Trustees of other Pension Funds to which the Union is a party to permit such other Pension Funds to join or merge with the Pension Fund.

Section 6.    PERSONAL LIABILITY. The liability, if any, of the Board of Trustees or any individual Trustee or Trustees shall be governed by the following provisions to the extent permissible by applicable Federal law: Neither the Trustees nor any individual or Successor Trustee shall be personally answerable or personally liable for any liabilities or debts of the Fund contracted by them as such Trustees, or for the non-fulfillment of contracts, but the same shall be paid out of the Fund and the Fund is hereby charged with a first lien in favor of such Trustee for his or their security

- 12 -

and indemnification for any amounts paid out by any such Trustee for any such liability and for his and their security and indemnification against any liability of any kind which the Trustees or any of them may incur hereunder, including cost of defense of litigation; provided, however, that nothing herein shall exempt any Trustee from liability arising out of his own willful misconduct, bad faith or gross negligence, or entitle such Trustee to indemnification for any amounts paid or incurred as a result thereof.

The Trustees and each individual Trustee shall not be liable for any error of judgment or for any loss arising out of any act or omission in the execution of their duties, except in case of willful misconduct, bad faith or gross negligence; nor shall any Trustee, in the absence of his own willful misconduct, bad faith or gross negligence, be personally liable for the acts or omissions (whether performed at the request of the Trustees or not) of any other Trustee, or of any agent or attorney elected or appointed by or acting for the Trustees.

The Trustees shall be fully protected in acting upon any instrument, certificate or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Neither the Employers, nor the Union, shall in any way be liable in any respect for any of the acts, omissions or obligations of the Trustees, individually or collectively.

The Trustees may from time to time consult with the Trust's legal counsel and shall be fully

- 13 -

36479-3

protected in acting upon such advice of counsel to the Trust as respects legal questions.

Section 7.    BOOKS OF ACCOUNT. The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be audited annually or more often by a certified public accountant selected by the Trustees. A copy of such audit shall be available at all times upon reasonable notice for inspection by signatories to this Agreement at the principal office of the Fund.

Section 8.    EXECUTION OF DOCUMENTS. The Trustees may authorize an Employer Trustee and a Union Trustee or any joint group equally composed of Employer and Union Trustees to execute jointly any notice or other instrument in writing and all persons, partnerships, corporations or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Pension Fund and the Trustees.

Section 9.    DEPOSIT AND WITHDRAWAL OF FUNDS. All monies received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by the Trustees to sign such checks. No check shall be valid unless signed by two persons of whom one shall be a Union Trustee and one an Employer Trustee, except when signed by a designated employee as provided in this Section.

The Employer Trustees shall designate in writing the name or names of any Employer Trustee who may sign checks in the above manner, and the Union Trustees shall likewise designate in writing the name or names of the Union Trustee who may sign checks in the above manner.

- 14 -

The Trustees may, in their discretion, designate and authorize an employee of the Fund to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for that purpose.

*Section 10.*    SURETY BONDS. The Trustees and any employees of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized surety company in such amount as may be determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling monies of the Pension Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Pension Fund.

## ARTICLE VI

## CONTRIBUTIONS TO THE PENSION FUND

*Section 1.*    RATE OF CONTRIBUTIONS. In order to effectuate the purpose hereof, each Employer shall contribute to the Pension Fund the amount required by the Collective Bargaining Agreement between the Union and the Employer. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modification thereto. On matters other than contribution rates, contributions to the Pension Plan shall be governed by the Rules and Regulations of the Pension Plan; contributions to the Annuity Plan shall be governed by the Rules and Regulations of the Annuity Plan.

*Section 2.*    EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made

- 15 -

36479-3

effective as required by the Collective Bargaining Agreement and shall continue to be paid as long as the Employer is so obligated pursuant to the Collective Bargaining Agreement with the Union or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust, as hereinafter provided.

*Section 3.*      MODE OF PAYMENT.  All contributions shall be payable to the "IUPAT Industry Pension Fund" and shall be paid in the manner and form determined by the Trustees.

*Section 4.*      DEFAULT IN PAYMENT.   Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payment.  In addition to any other remedies to which the parties may be entitled, an Employer in default for twenty days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the money due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection (including attorneys' fees) incurred by the Trustees and such liquidated damages or penalties as may be assessed by the Trustees.

*Section 5.*      REPORT ON CONTRIBUTIONS.  The Employers shall make all reports on contributions in such manner and form as required by the Trustees.

*Section 6.*      AUDITS.  The Trustees may at any time have an audit made by certified public accountants of the payroll, wage and cash disbursement records, general ledger, and other financial records, including but not limited to tax returns, of any Employer in connection with the said contributions and/or reports.  When an Employer receives notice that the Employer is scheduled

- 16 -

for an audit, the Employer may write to the Fund 1) explaining why the time or date for the audit is impossible for the Employer to comply with and 2) offering alternative times or dates for an audit within a reasonable time. If the Fund does not receive such a written response from the Employer within 48 hours before the scheduled audit, the certified public accountants responsible for the audit may proceed as scheduled. If the Employer fails to cooperate with a scheduled audit, the Trustees may require that the Employer pay to the Fund all costs incurred as a result of the Employer's failure. Any Employer found delinquent or in violation of the Rules and Regulations of the Pension Plan and/or the Annuity Plan as a result of an audit may be required by the Trustees to pay to the Fund the cost of the audit.

## ARTICLE VII

## PLAN OF BENEFITS

*Section 1.*     BENEFITS. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided, based on what is estimated the Fund can provide without undue depletion or excess accumulation; provided, however, that no benefits other than pension, annuity, death, disability and severance benefits may be provided for or paid under this Agreement and Declaration of Trust.

*Section 2.*     RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article for any employee of a Contributing Employer covered by a Collective Bargaining Agreement between the Employer and the Union or other classes of employee defined in Article I, Section 9(a), (b) and (c).

- 17 -

36479-3

*Section 3.*      ELIGIBILITY REQUIREMENTS FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their beneficiaries.

*Section 4.*      METHOD OF PROVIDING BENEFITS. The benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

*Section 5.*      WRITTEN PLAN OF BENEFITS. The detailed basis on which payment of benefits is to be made pursuant to this Agreement shall be specified in writing by appropriate action of the Trustees subject, however, to such changes or modifications by the Trustees from time to time as they in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees.

*Section 6.*      APPROVAL OF PLAN. (a) United States: The Pension Plan and Annuity Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, U.S. Treasury Department, and will continue as qualified Plans, so as to ensure that the Employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to make whatever applications are necessary with the Internal Revenue Service to receive and maintain approval of the Pension Plan and the Annuity Plan. (b) Canada: The Pension Plan and Annuity Plan shall be such as will qualify for approval by Revenue Canada and for registration, as appropriate, under Provincial legislation.

*Section 7.*      LIMIT OF EMPLOYER'S LIABILITY. Except for withdrawal liability and delinquency liability provided by law, and except as provided in Article VI, the financial liability of

36479-3

any Employer shall in no event exceed the obligation to make contributions as set forth in its

applicable Collective Bargaining Agreement with the Union.

## ARTICLE VIII

## MEETING AND DECISION OF TRUSTEES

*Section 1.*    OFFICERS OF TRUSTEES. The Trustees shall elect two Co-Chairmen, one

from among the Union Trustees and the other from among the Employer Trustees. The terms of

such officers shall commence on the date of their election and continue until his or their successors

have been elected.

*Section 2.*    MEETING OF TRUSTEES. Meetings of the Trustees shall be held at such

place or places as may be agreed upon by the Co-Chairmen and may be called by the said officers

upon twenty (20) days' notice to the other Trustees and may be held at any time without such notice

if all the Trustees consent thereto in writing. The Co-Chairmen may also convene a meeting of the

Trustees by telephone conference called upon five (5) days notice to the other Trustees.

*Section 3.*    ACTION BY TRUSTEES WITHOUT MEETING. Action by the Trustees

may also be taken by them in writing without a meeting; provided, however, that in such cases there

shall be unanimous written concurrence by all the Trustees.

*Section 4.*    QUORUM (UNITED STATES). In all meetings of the Trustees, two Trustees

shall constitute a quorum for the transaction of business providing that there is at least one Employer

and one Union Trustee present at the meeting. The vote of any absent Trustee shall be cast by the

Trustees present, designated by the same party with the same force as if such absent Trustee was

- 19 -

present. If at any time there is an unequal number of Employer and Union Trustees appointed, the Employer Trustees and the Union Trustees shall have equal voting strength with the difference in the number appointed treated as absent Trustees.

Section 5. MAJORITY VOTE OF TRUSTEES (UNITED STATES). All action by the Trustees shall be by majority decision of the Employer and Union Trustees. Such majority vote shall govern not only this Article but any portion of this Agreement and Declaration of Trust which refers to action by the Trustees. In the event any matter presented for decision cannot be decided because of a tie vote, or because of the lack of quorum at two consecutive meetings, the matter shall be submitted to arbitration as hereinafter provided.

Section 6. QUORUM AND VOTING (CANADA). In all meetings of the Canadian Trustees, two Trustees shall constitute a quorum for the transaction of business. All action by the Trustees shall be by unit vote, with the Union Trustees having 1 vote and the Employer Trustees having 1 vote. How each such vote is cast shall be decided by majority vote within each respective unit. In the event any matter presented for decision cannot be decided because of a tie vote, or because of the lack of quorum at two consecutive meetings, the matter shall be submitted to arbitration as hereinafter provided.

Section 7. MINUTES OF MEETINGS. The Trustees shall keep minutes of all meetings but such minutes need not be verbatim. Copies of the minutes shall be sent to all Trustees.

## ARTICLE IX

## IMPARTIAL ARBITRATOR

- 20 -

*Section 1.*     APPLICATION OF THIS ARTICLE.  If the Trustees cannot agree on an arbitrator, either the Employer Trustees or the Union Trustees or both may apply to the District Court of the United States for the District in the area in which the Fund maintains its principal office (the Canadian Trustees may apply to the competent court in the jurisdiction of the Courts of Ontario) for the designation of an arbitrator who will decide any dispute among the Trustees or any other matter submitted to arbitration in accordance with the provisions of Article VIII, Sections 5 or 6. The decision of the arbitrator shall be final and binding.

*Section 2.*     EXPENSES OF ARBITRATION.  The cost and expense incidental to any arbitration proceedings, including the fee, if any, of the impartial arbitrator, shall be proper charges against the Fund and the Trustees are authorized to pay such charges.

## ARTICLE X

## EXECUTION OF AGREEMENT AND DECLARATION OF TRUST

*Section 1.*     COUNTERPARTS.  This Agreement and Declaration of Trust may be executed in any number of counterparts.  The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

*Section 2.*     WRITTEN INSTRUMENT.  An Employer may adopt and become a party to this Agreement and Declaration of Trust by executing a counterpart hereof or by executing any other written instrument wherein he agrees to participate in the Fund pursuant to the terms of this Agreement and Declaration of Trust, and upon written notification from the Trustees that he has been accepted as a Contributing Employer.

- 21 -

36479-3

*Section 3.*    EFFECTIVE DATE.  The effective date of this Restated Agreement and Declaration of Trust is April 1, 2002.  This Restated Agreement and Declaration of Trust continues in effect, except as modified herein and by amendments duly adopted from time to time, the provisions of an Agreement and Declaration of Trust effective April 1, 1967.

## ARTICLE XI

## AMENDMENT TO AGREEMENT AND DECLARATION OF TRUST

*Section 1.*    AMENDMENT BY TRUSTEES.  This Agreement and Declaration of Trust may be amended in any respect from time to time by the Trustees, provided that each amendment shall be duly executed in writing by the Trustees.  As to any amendment, the Trustees, in their discretion, shall have power to fix the effective date thereof.  Notice of the proposed amendment shall be given at the time the notice of the meeting is given, unless waived by the Trustees.

*Section 2.*    LIMITATION OF RIGHT TO AMENDMENT.  No amendment may be adopted which will be in conflict with the Collective Bargaining Agreements with the Union to the extent that such agreements affect contributions to the Fund created hereunder, be contrary to the laws governing trust funds of this nature, or be contrary to any agreements entered into by the Trustees.  Under no circumstances shall any amendment be adopted which will in any way alter Article XIII, Section 1.

Section 3.    NOTIFICATION OF AMENDMENT.  Whenever an amendment is adopted in accordance with this Article, a copy thereof shall be distributed to all Trustees, and the Trustees shall so notify all necessary parties and shall execute any instrument or instruments necessary in

- 22 -

36479-3

connection therewith.

## ARTICLE XII

## TERMINATION OF TRUST

*Section 1.*    BY THE TRUSTEES.  This Agreement and Declaration of Trust may be terminated by an instrument in writing executed by all the Trustees when there is no longer in force and effect a Collective Bargaining Agreement between an Employer and the Union requiring contributions to the Fund.

*Section 2.*    BY THE PARTIES.  This Agreement and Declaration of Trust may be terminated by an instrument in writing duly executed by the Employers and the Union.

*Section 3.*    PROCEDURE ON TERMINATION.  In the event of the termination of this Agreement and Declaration of Trust, the Trustees shall apply the Fund to pay or to provide for the payment of any and all obligations of the Fund and shall distribute and apply any remaining surplus in such manner as will, in their opinion, best effectuate the purpose of the Fund; provided, however, that no part of the corpus or income of said Fund shall be used for or diverted to purposes other than for the exclusive benefits of the employees, their families, beneficiaries or dependents, or the administrative expenses of the Fund or for other payments in accordance with the provisions of the Fund.

*Section 4.*    NOTIFICATION OF TERMINATION.  Upon termination of the Fund in accordance with this Article, the Trustees shall forthwith notify each Local Union and/or District Council of the Union and each Employer, who are parties hereto, and also all other necessary parties;

- 23 -

36479-3

and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust.

## ARTICLE XIII

## MISCELLANEOUS PROVISIONS

*Section 1.*     NON-REVERSION.  Under no circumstances shall any portion of the corpus or income of the Fund, directly or indirectly, revert or accrue to the benefit of any Contributing Employer or Local Union, and/or District Council or the Union.

*Section 2.*     TERMINATION OF INDIVIDUAL EMPLOYERS.  An Employer shall cease to be an Employer within the meaning of this Agreement and Declaration of Trust when he is no longer obligated, pursuant to a Collective Bargaining Agreement with the Union, to make contributions to this Pension Fund, or, as determined by the Trustees, when he is delinquent in his contributions or reports to the Pension Fund.

*Section 3.*     VESTED RIGHTS.  No Employee or any person claiming by or through such Employee, including his family, dependents, beneficiary and/or legal representative, shall have any right, title or interest in or to the Pension Fund or any property of the Pension Fund or any part thereof except as may be specifically determined by the Trustees.

*Section 4.*     ENCUMBRANCE OF BENEFITS.  No monies property or equity of any nature whatsoever, in the Pension Fund, or contracts or benefits or monies payable therefrom, shall be subject in any manner by an Employee or person claiming through such Employee to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge, and any attempt to cause the same subject thereto shall be null and void, except for a qualified

- 24 -

36479-3

domestic relations order issued by a court of competent jurisdiction pursuant to law.

   *Section 5.*      SITUS.  The City of Washington, D.C., shall be deemed the situs of the Trust

Fund created hereunder.  All questions pertaining to validity, construction and administration shall

be determined in accordance with federal law or, when applicable, the laws of the District of

Columbia.

   *Section 6.*      CONSTRUCTION OF TERMS.  Whenever any words are used in this

Agreement and Declaration of Trust in the masculine gender, they shall be construed as though they

were also in the feminine gender or neuter in all situations where they would so apply, and wherever

any words are used in this Agreement and Declaration of Trust in the singular form, they shall be

construed as though they were also used in the plural form in all situations where they would so

apply, and wherever any words are used in the Agreement and Declaration of Trust in the plural

form, they shall be construed as though they were also used in the singular form in all situations

where they would so apply.

   *Section 7.*      CERTIFICATION OF TRUSTEES' ACTIONS.  The Co-Chairmen of the

Trustees may execute any certificate or document jointly on behalf of the Trustees and such

execution shall be deemed execution by all the Trustees.  All persons having dealings with the

Pension Fund or with the Trustees shall be fully protected in reliance placed on such duly executed

documents.

   *Section 8.*      NOTIFICATION TO TRUSTEES.  The address of each of the Trustees shall

be that stated on the signature page of this Agreement and Declaration of Trust.  Any change of

- 25 -

36479-3

address shall be effected by written notice to the Trustees.

Section 9.      SEVERABILITY.  Should any provision in this Agreement and Declaration of Trust or in the Plan or Rules and Regulations adopted thereunder or in any Collective Bargaining Agreement be deemed or held to be unlawful or invalid for any reason, such fact shall not adversely affect the provisions herein and therein contained unless such illegality shall make impossible or impractical the functioning of the Trust and the Plan, and in such case the appropriate parties shall immediately adopt a new provision to take the place of the illegal or invalid provision.

Section 10.     TITLES.  The title headings to the various Sections and Articles are for the purpose of convenience only and shall not have any legal significance apart from the text.

        IN WITNESS THEREOF, the undersigned to hereby cause this instrument to be executed.

FOR THE INTERNATIONAL               FOR THE FINISHING CONTRACTORS
UNION OF PAINTERS AND               ASSOCIATION
ALLIED TRADES

BY: _____       BY: _____
        James A. Williams                   Timothy J. McAnany
        General President                   President

- 26 -

36479-3

## UNITED STATES TRUSTEES

**UNION TRUSTEES**
Appointed by International Union of
Painters and Allied Trades


James A. Williams, Co-Chairman
General President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006


Kenneth R. Rigmaiden
Executive General Vice President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006


George Galis
General Secretary Treasurer/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006


William D. Candelori, Jr.
General Vice President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006


Armando Colafranceschi
General Vice President/IUPAT
130 Toro Road
Toronto, Ontario, Canada M3J 2A9


**EMPLOYER TRUSTEES**
Appointed by Finishing
Contractors Association


Ralph A. Trallo, Co-Chairman
Cannon Sline
300 Delaware Avenue, Suite 714
Wilmington, DE  19801


Robert L. Cusumano
Sun Art Painting Corporation
1966 W. 9th Street, Ste. A
Riviera Beach, FL 33404


Sidney Glasser
Knickerbocker Plate Glass Co.
439 W. 54th Street
New York, NY 10019


Richard A. Grund
Grund & Company
1115 N. 87th Street
Seattle, WA 98103


Alan Levine
L&L Painting Co., Inc.
900 S. Oyster Bay Road
Hicksville, NY 11801

- 27 -

36479-3

Sean McGarvey
General Vice President at Large/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Steve Sharpe
Sharpe Interior Systems, Inc.
11693-8 Sheldon Street
Sun Valley CA 91352

A.L. "Mike" Monroe
General President Emeritus/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Gary L. Niles
Genesee Painting Co., Inc.
3080 North Center Road
Flint, MI 48506

Alfred L. Monroe, Jr.,
General Vice President at Large/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Owen Smith
Anzalone & Associates
12700 Foothill Boulevard
Sylmar, CA 91342

Gary Monroe
General Vice President at Large/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Norman Strauss
A. Strauss Industries, Inc.
425 W. 23rd Street, Ste. 1D
New York, NY 10011

Raymond J. Price, III
General Vice President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Timothy J. McAnany
Randall/McAnany Company
4935 McConnell Avenue, Ste. 20
Los Angeles, CA 90066

- 28 -

36479-3

Raymond Sesma
General Vice President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Aristotle G. Aivaliotis
Avalotis Corporation
400 Jones Street, P.O. Box 6
Verona, PA 15147

Leo J. Manta
Kenny Manta Industrial Service, LLC
4124 North Orleans Street, Suite 800
Chicago, IL 60610

## CANADIAN TRUSTEES

UNION TRUSTEES

James A. Williams, Co-Chairman
General President/IUPAT
1750 New York Avenue, N.W.
Washington, DC 20006

Armando Colafranceschi
GVP/IUPAT
130 Toro Road
Toronto, Ontario, Canada M3J 2A9

John H. Beddome
Business Manager/IUPAT L.U. 739
34 Higgins Avenue
Winnipeg, MB, Canada R3B 0A5

EMPLOYER TRUSTEES

Ralph A. Trallo, Co-Chairman
2363 Sanibel Boulevard
St. James City, FL 33956

John R. Mills
Harrison-Muir, Ltd.
77 Orchard Road
Ajax, Ontario, Canada L1S 6K9

Rick Pazdzierski
Seaside Painters & Sandblasters, Inc.
10095 - 179th Street
Surrey, B.C. Canada V4N 4J7

- 29 -

36479-3

The undersigned Employer, having entered into a Collective Bargaining Agreement with the International Union of Painters and Allied Trades or its District Council #_____ or its Local Union #_____, which provides among other things for contributions to the International Painters and Allied Trades Industry Pension Fund, agrees to be bound by the foregoing Agreement and Declaration of Trust and hereby irrevocably designates as its representative on the Board of Trustees such Trustee or Trustees as are named in said Agreement as Employer Trustees, together with their successors selected in the manner provided in the within Agreement, and agrees to be bound by all actions taken by the Trustees pursuant to the said Agreement and Declaration of Trust.

_____
Name of Company

By _____

Title _____

Date _____

(If Applicable) FOR PLANT OR PLANTS LOCATED AT:

_____
Street Address

_____
State                                                    City

36479-3

# INTERNATIONAL PAINTERS AND ALLIED TRADES
# INDUSTRY PENSION FUND

### "Standard Form of Participation Agreement"

The undersigned Employer and Union represent that the only agreement between the said parties regarding pensions or retirement for employees covered by the Collective Bargaining Agreement between the parties is as follows:

1.     (a) Commencing with the 1st day of _____, 20__, and for the duration of the current Collective Bargaining Agreement between the said parties, and any renewals or extensions thereof, the Employer agrees to make payments to the IUPAT Industry Pension Fund for each employee covered by the said Collective Bargaining Agreement, as follows:

        (b) For each hour or portion thereof, for which an employee receives pay, the Employer shall make a contribution of $_____ to the above-named Pension Fund; $_____ to be allocated* to the IUPAT Industry Pension Plan and $_____ to be allocated to the IUPAT Industry Annuity Plan.

        (c) For purposes of this article, each hour paid for, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Collective Bargaining Agreement, shall be counted as hours for which contributions are payable.

        (d) Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by the Collective Bargaining Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.**

        (e) The payments to the Pension Fund required above shall be made to the "IUPAT Industry Pension Fund" which was established under an Agreement and Declaration of Trust, dated April 1, 1967, and as amended from time to time, a copy of which has been signed by the Employer in the place provided at the end of such agreement, or to which the Employer has become bound by the signing of some other written instrument.

2.     The Employer hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the Trustees pursuant to the said Agreement and Declaration of Trust, as amended from time to time.

3.     All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees may at any time conduct an audit in accordance with Article VI, Section 6 of the said Agreement and Declaration of Trust.

4.     If an Employer fails to make contributions to the Pension Fund within twenty days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any provisions of the Collective Bargaining Agreement to the contrary notwithstanding, and the Employer shall be liable for all costs for collecting the payments due, together

36479-3

with attorneys' fees and such liquidated damages or penalties which may be assessed by the Trustees. The Employer's liability for payment hereunder shall not be subject to the grievance or arbitration procedure or the "no-strike" clause provided under the Collective Bargaining Agreement.

5.      It is agreed that the Pension Plan and Annuity Plan adopted by the Trustees of the said Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions to the IUPAT Industry Pension Fund as a deduction for income tax purposes.

6.      The parties agree that this Participation Agreement shall be considered a part of the Collective Bargaining Agreement between the undersigned parties.

7.      The expiration date of the present Collective Bargaining Agreement between the undersigned parties is _____, 20___. Copies of the Collective Bargaining Agreement and all renewal or extension agreements will be furnished promptly to the Pension Fund office and, if not consistent with this Participation Agreement, can be used by the Trustees as the basis for termination of participation of the Employer.

**FOR LOCAL UNION No.** _____ **(or District Council No.** _____ **) I.U.P.A.T.**

_____
Authorized Officer

**FOR THE EMPLOYER:**

_____
(Insert Name of Employer)

_____

_____
Authorized Officer

Date _____, 20___

(If Applicable)
For Plants Located at:

_____

_____

Notes to Parties to this Agreement:

36479-3

\*         At least 50¢ of the contribution must be allocated to the Pension Plan

\*\*        The Trustees have authorized exclusion from coverage of pre-apprentices, utility workers, helpers and other support classifications other than journeyman and apprentice for no more than six months after their initial employment with any employer. Parties to this agreement who wish to exclude any such classification should add to Section 1(d): "However, no contributions shall be made on behalf of [insert classification(s)] for a period of six months following their initial employment with any employer."

AMENDMENT  2003- __
TO
RESTATED AGREEMENT AND DECLARATION OF TRUST ESTABLISHING THE
INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND

The undersigned, constituting the Trustees of the International Painters and Allied Trades

Industry Pension Fund, resolve to amend the Trust in accordance with Article XI, Section 1 of

the Restated Agreement and Declaration of Trust in order to clarify that assets of the Fund

include contributions that are due from or payable by a Contributing Employer as well as

contributions that have been paid and to insure that the Trustees have available to them the

broadest scope of rights under law to collect contributions due and owing to the Fund by

Contributing Employers.

WHEREFORE, we resolve to amend the Trust Agreement as follows:

1.      Amend Article I, Section 2 (Pension Fund) to read as follows (amended language

is in bold italics):

> Section 2.      PENSION FUND. The terms "Pension Fund" or
> "Fund" shall mean the International Painters and Allied Trades
> Industry Pension Fund, established by the Trust Agreement and
> shall mean generally the monies and other items of value which
> comprise the corpus and additions thereto, ***contributions payable
> to the Fund, and amounts*** received or held for or on behalf of the
> Trustees under both the International Painters and Allied Trades
> Industry Pension Plan and the International Painters and Allied
> Trades Industry Annuity Plan ***and title to all such monies, and
> other items of value including contributions owed but not yet
> received, shall be vested in the Trustees of the Fund.*** The Fund
> also shall be known as the "IUPAT Industry Pension Fund."

2.      Amend Article I, Section 10 (Employer Contributions) to read as follows

(amended language is in bold italics):

> Section 10.      EMPLOYER CONTRIBUTIONS.  The term
> "Employer Contributions" shall mean payments made or ***that are
> required*** to be made to the Fund, ***including amounts owed but not
> yet paid,*** by a Contributing Employer under the provisions of, or in
> accordance with, a Collective Bargaining Agreement and the Trust
> Agreement, or with regard to a Local Union or District Council or
> special classes of employees of a Contributing Employer,

122724-1

payments to the Fund pursuant to and in accordance with the Rules and Regulations of the Pension Plan and the Annuity Plan. *All such Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue, whether or not such Employer Contributions are collected or received by the Fund. No Contributing Employer has any right, title, or interest to any sum payable by the Contributing Employer to the Fund, but not yet paid into the Fund. Title to all Employer Contributions paid into and/or due and owing to the Fund shall be vested in the Trustees of the Fund.*

3.    Amend Article II, Section 1 (Establishment of Fund) to read as follows (amended language is in bold italics):

Section 1.    ESTABLISHMENT OF FUND. As hereby created, the International Painters and Allied Trades Industry Pension Fund shall comprise the entire assets derived from Employer Contributions made *or payable* to or for the account of this Fund under Collective Bargaining Agreements, together with any and all investments made and held by the Trustees, or monies received *or payable to* by the Trustees as contributions or as income from investments made and held by the Trustees or otherwise, and any other money or property, received and/or held by the Trustees for the uses, purposes and trust set forth in this Agreement and Declaration of Trust.

IN WITNESS WHEREOF, the undersigned do hereby cause this Amendment to be executed on *October 14*, 2003 to be effective and applicable to all contributions first becoming due and payable to the Fund for periods on and after January 1, 2004.

## UNITED STATES TRUSTEES

UNION TRUSTEES
Appointed by International Union of
Painters and Allied Trades

James A. Williams, Co-Chairman
General President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

EMPLOYER TRUSTEES
Appointed by Finishing
Contractors Association

Ralph A. Trallo, Co-Chairman
Painters and Allied Trades LMCI
2363 Sanibel Boulevard
St. James, FL  33956

122724-1

2

Kenneth R. Rigmaiden
Executive General Vice President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

George Galis
General Secretary Treasurer/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

William D. Candelori, Jr.
General Vice President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Armando Colafranceschi
General Vice President/IUPAT
130 Toro Road
Toronto, Ontario, Canada M3J 2A9

Sean McGarvey
General Vice President at Large/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

A.L. "Mike" Monroe
General President Emeritus/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Robert L. Cusumano
Coating Consultants, Inc.
8211 Needles Drive
Palm Beach Gardens, FL   33418

Richard A. Grund
Grund & Company
1115 N. 97th Street
Seattle, WA 98103

Alvin Levine
L&L Painting Co., Inc.
900 S. Oyster Bay Road
Hicksville, NY 11801

Steve Sharpe
Sharpe Interior Systems, Inc.
11693-8 Sheldon Street
Sun Valley CA 91352

Gary L. Niles
Genesee Painting Co., Inc.
3080 North Center Road
Flint, MI 48506

Owen Smith
Anzalone & Associates
12700 Foothill Boulevard
Sylmar, CA 91342

122724-1

3

Alfred L. Monroe, Jr.,
General Vice President at Large/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Norman Strauss
A. Strauss Industries, Inc.
425 W. 23rd Street, Ste. 1D
New York, NY 10011

Raymond J. Price, III
General Vice President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Aristotle G. Aivaliotis
Avalotis Corporation
400 Jones Street, P.O. Box 6
Verona, PA 15147

Raymond Sesma
General Vice President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Leo J. Manta
Manta Industrial
5233 Hohman
Hammond, IN 46320

122724-1

4

## CANADIAN TRUSTEES

UNION TRUSTEES

James A. Williams, Co-Chairman
General President/IUPAT
United Unions Building
1750 New York Avenue, N.W.
Washington, DC 20006

Armando Colafranceschi
GVP/IUPAT
130 Toro Road
Toronto, Ontario, Canada M3J 2A9

John H. Beddome
Business Manager/IUPAT L.U. 739
34 Higgins Avenue
Winnipeg, MB, Canada R3B 0A5

EMPLOYER TRUSTEES

Ralph A. Trallo, Co-Chairman
Painters and Allied Trades LMCI
2363 Sanibel Boulevard
St. James, FL 33956

John R. Mills
Harrison-Muir, Ltd.
77 Orchard Road
Ajax, Ontario, Canada L1S 6K9

Rick Pazdzierski
Seaside Painters & Sandblasters, Inc.
10095 179th Street
Surrey, B.C. Canada V4N 4J7

122724-1

5