IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br><br>)<br>Plaintiff, )<br>v. )<br>)<br>GREINER'S SUB-STATION, INC. )<br>  a/k/a Greiner's Substation Specialties, LLC )<br>  a/k/a Greiner Brothers Painting )<br>  a/k/a Greiner Brothers Paint Center, *et al.* )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:06-cv-01225-GK |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund, respectfully moves this Court for entry of judgment by default against Defendants, Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center ("Greiner's"), DMG Drywall & Painting a/k/a DMG Drywall and Painting ("DMG" and, together with Greiner's, "Companies"), and Scott Greiner, individually and d/b/a DMG Drywall & Painting a/k/a DMG Drywall and Painting ("Individual Defendant" and together with Companies, "Defendants"), in the amount of $31,558.43, and for injunctive relief. On August 16, 2006, Plaintiff filed with the Clerk of the Court a Request to Enter Default against all Defendants pursuant to Federal Rule of Civil Procedure 55(a). Default was subsequently entered on or about August 17, 2006.

171353-1

Accompanying this motion are supporting memorandum of points and authorities, the Declaration of Thomas C. Montemore (attached as Ex. 1), the Declaration of Kent G. Cprek (attached as Ex. 2), the Jennings Sigmond attorneys' fees billing statement (attached as Ex. 3), and a proposed default judgment.

                                                Respectfully submitted,

                                                JENNINGS SIGMOND, P.C.

                                        BY:/s/    Kent G. Cprek
                                                KENT G. CPREK, ESQUIRE
                                                (I.D. NO. 478231)
                                                SANFORD G. ROSENTHAL, ESQUIRE
                                                (I.D. NO. 478737
                                                The Penn Mutual Towers, 16th Floor
                                                510 Walnut Street, Independence Square
                                                Philadelphia, PA 19106-3683
                                                (215) 351-0615
Date: <u>August 25, 2006</u>                  Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:06-cv-01225-GK |
| GREINER'S SUB-STATION, INC.<br>    a/k/a Greiner's Substation Specialties, LLC<br>    a/k/a Greiner Brothers Painting<br>    a/k/a Greiner Brothers Paint Center, *et al.* | ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendants, Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center ("Greiner's"), DMG Drywall & Painting a/k/a DMG Drywall and Painting ("DMG" and, together with Greiner's, "Companies"), and Scott Greiner, individually and d/b/a DMG Drywall & Painting a/k/a DMG Drywall and Painting ("Individual Defendant" and together with Companies, "Defendants"), jointly and severally, in the amount of $31,558.43. In addition, the Plaintiff is entitled to injunctive relief in the form of an Order requiring Defendants to submit to an audit for all periods for which Defendants are obligated under the collective bargaining agreement and to comply with the terms of the collective bargaining agreement(s) with respect to the submission of remittance reports and contributions.

The Pension Fund served its Complaint on Defendants on July 24, 2006. To date, Defendants have failed to answer the Complaint or to otherwise defend this action. Plaintiff filed

171353-1

a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) on or about August 16, 2006. Default was entered against the Defendants on or about August 17, 2006. Plaintiff now submits this motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Kent G. Cprek and a proposed form of judgment.

The Pension Fund requests that the Court enter judgment by default against Defendants, jointly and severally, in the amount of $31,558.43, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $20,994.16.</u>

Defendants owe $10,110.90 in unpaid contributions for the period July 2005 through December 2005. The amounts owed for these periods are based on remittance reports prepared by Defendants and submitted to the Pension Fund. Additionally, Defendants owe the Pension Fund $10,883.25 in estimated contributions for the period January 2006 through July 2006 because Defendants have failed to submit the required remittance reports for said months. Montemore Declaration, ¶7.

2. <u>Interest through August 31, 2006 of $776.80.</u>

The rules and regulations as set forth in § 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through August 31, 2006 on Defendants' delinquent contributions totals $776.80. Interest shall continue to accrue on unpaid contributions in accordance with the Pension Fund's rules and regulations

and ERISA until the date of actual payment. Montemore Declaration, ¶ 9; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

    3.    <u>Liquidated Damages of $4,822.19.</u>

ERISA and §10.12(b)(3) of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendants owe $20,994.16 in unpaid contributions. Twenty percent (20%) of this amount is $4,198.83. Defendants also owed an additional $3,116.82 in contributions at the time suit was filed which have now been paid. Twenty percent (20%) of this amount is $623.36 for total liquidated damages of $4,822.19. Since the total amount of liquidated damages is greater than the interest amount, Defendants owe a total of $4,822.19 in liquidated damages. Montemore Declaration, ¶10; 29 U.S.C. § 1132(g)(2).

    4.    <u>Late charges of $15.37</u>.

ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendants owe $15.37 in late charges for July 2005. Montemore Declaration, ¶11. <u>See also</u>, <u>International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation</u>, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

    5.    <u>Attorneys' fees and costs of $4,949.91.</u>

Plaintiff has incurred $4,288.00 in attorneys' fees and $661.91 in costs on this matter through August 25, 2006. Cprek Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

6. <u>Injunctive Relief</u>.

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (<u>See</u>, Montemore Declaration, ¶7) and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7. <u>DMG is the alter ego, single employer and/or successor of Greiner's.</u>

DMG is the alter ego, single employer and/or successor of Greiner's and liable for Greiner's debts to the Fund. The factors to be considered in determining whether one employer is the alter ego of another are: substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership. <u>Alkire v. NLRB</u>, 716 F.2d 1014 (4th Cir. 1983), <u>Fugazy Continental Corporation v. N.L.R.B.</u>, 725 F.2d 1416, 1419 (DC Cir. 1984). <u>See also</u>, <u>Stardyne Inc. v. N.L.R.B.</u>, 41 F.3d 141, 146, 151 (3d Cir. 1994). An alter ego finding may result even though all factors are not present and no one combination of factors is more controlling than any other combination. <u>Stardyne</u>, 41 F.3d at 146. The Fund alleged the following (See Complaint, ¶14):

    (a)    Greiner's and DMG have identical officers and management;

    (b)    Greiner's and DMG are both painting contractors and serve the same or similar type customers;

171353-1      4

(c) Employees of Greiner's work for DMG using the same equipment and serving the same type or similar customers;

(d) Owners, officers and management of DMG were aware of and had full knowledge of Greiner's unpaid obligations to the Funds; and

(e) Greiner's and DMG operate out of the same business address.

As the alter ego of Greiner's, DMG is liable for all amounts owed by Greiner's to the Fund. See e.g., Howard Johnson Co. v. Detroit Local Joint Executive Bd. Hotel & Restaurant Employees, 417 U.S. 248, 259 n.5, 94 S.Ct. 2236, 2242, n.5 (1974); N.L.R.B. v. Omnitest Inspection Services, Inc., 987 F.2d 112, 122 (3d Cir. 1991); Local No. 627, International Union of Operating Engineers v. N.L.R.B., 518 F.2d 1040, 1045-46 (DC Cir. 1975), aff'd on this issue per curium sub nom. South Paire Construction Co. v. Int'l Union of Operating Engineers, 425 U.S. 800, 96 S.Ct. 1942, 48 L.Ed.2d 382 (1976). DMG is an unincorporated business owned by Individual Defendant. Therefore, Individual Defendant is personally liable for DMG's debts, including Greiner's obligations to the Fund.

8. <u>Future Attorney's Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorney's fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., No 02-1128, 2006 U.S. App LEXIS 2098 (3d Cir. Feb 6, 2003); Free v. Brody, 793 F.2d 807 (7th Cir. 1986); Sheet

Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

                                              Respectfully submitted,

                                              JENNINGS SIGMOND, P.C.

                                        BY:/s/     Kent G. Cprek
                                              KENT G. CPREK, ESQUIRE
                                              (I.D. NO. 478231)
                                              SANFORD G. ROSENTHAL, ESQUIRE
                                              (I.D. NO. 478737
                                              The Penn Mutual Towers, 16th Floor
                                              510 Walnut Street, Independence Square
                                              Philadelphia, PA 19106-3683
                                              (215) 351-0615
Date: August 25, 2006                 Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660

## CERTIFICATE OF SERVICE

I hereby certify this 25th day of August, 2006, that I caused to be served a copy of the foregoing Motion for Entry of Judgment by Default, Memorandum of Points and Authorities in Support thereof, Declaration of Thomas C. Montemore, Declaration of Kent G. Cprek and proposed Default Judgment by sending a copy of same via U.S. Mail, postage-prepaid to:

Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC
a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center
2015 North 36th Street
St. Joseph, MO 64506

and

DMG Drywall & Painting a/k/a DMG Drywall and Painting
2015 North 36th Street
St. Joseph, MO 64506

and

Scott Greiner, individually and d/b/a
DMG Drywall & Painting a/k/a DMG Drywall and Painting
2015 North 36th Street
St. Joseph, MO 64506

s/  Kent G. Cprek
KENT G. CPREK, ESQUIRE

Date: August 25, 2006

171353-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:06-cv-01225-GK |
| GREINER'S SUB-STATION, INC. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center, *et al.* | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFAULT JUDGMENT

In consideration of Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum and Declarations, and this Court being duly advised in the premises, it is this ___ day of _____, 2006 ORDERED:

1. DMG is the alter ego, single employer and/or successor of Greiner's.

2. Plaintiff's Motion shall be and hereby is granted

3. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and against Defendants, Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center ("Greiner's"), DMG Drywall & Painting a/k/a DMG Drywall and Painting ("DMG" and, together with Greiner's, "Companies"), and Scott Greiner, individually and d/b/a DMG Drywall & Painting a/k/a DMG Drywall and Painting ("Individual Defendant" and together with Companies, "Defendants"), jointly and severally, in the amount of $31,558.43 which includes the following:

171353-1

  (a)  Contributions in the amount of $20,994.16 for the period July 2005 through July 2006.

  (b)  Interest on the unpaid contributions set out in ¶ 2(a) above through August 31, 2006 in the amount of $776.80. Interest on the unpaid contributions shall continue to accrue under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621 from August 31, 2006 until the date they are paid.

  (c)  Liquidated damages in the amount of $4,822.19.

  (d)  Late Fees in the amount of $15.37.

  (e)  Attorneys' fees in the amount of $4,288.00 and costs in the amount of $661.91 through August 25, 2006.

  4.  Defendants, their owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under the collective bargaining agreement(s).

  5.  The Pension Fund shall have the right to conduct an audit of books and records for all relevant periods, including the time period from July 2005 through the date of the audit. Defendants, their owners, officers, agents, servants, employees and all persons acting on Defendants' behalf or in conjunction with Defendants, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent

records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendants shall pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA and applicable law.

6.      If further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶ 2(d) above.

_____
GLADYS KESSLER,             J.
United States District Judge

Copies of this Default Judgment shall be sent to:

| | |
|---|---|
| Jerome A. Flanagan, Esquire<br>Jennings Sigmond, P.C.<br>The Penn Mutual Towers, 16th Floor<br>510 Walnut Street, Independence Square<br>Philadelphia, PA 19106-3683 | Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner Brothers Painting a/k/a Greiner Brothers Paint Center<br>2015 North 36th Street<br>St. Joseph, MO 64506 |
| DMG Drywall & Painting a/k/a DMG Drywall and Painting<br>2015 North 36th Street<br>St. Joseph, MO 64506 | Scott Greiner, individually and d/b/a DMG Drywall & Painting a/k/a DMG Drywall and Painting<br>2015 North 36th Street<br>St. Joseph, MO 64506 |