## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED          )
TRADES INDUSTRY PENSION FUND               )
                                           )
                    Plaintiff,             )        CIVIL ACTION NO.
        v.                                 )        1:06-cv-01225-GK
                                           )
GREINER'S SUB-STATION, INC.                )
    a/k/a Greiner's Substation Specialties, LLC    )
    a/k/a Greiner Brothers Painting        )
    a/k/a Greiner Brothers Paint Center, *et al.*  )
                                           )
                    Defendants.            )

## DEFAULT JUDGMENT

In consideration of Plaintiff's ~~unopposed~~ Motion for Entry of Judgment by Default, the supporting

Memorandum and Declarations, and this Court being duly advised in the premises, it is this _12th_

day of _Sept_, 2006 ORDERED:

1.      DMG is the alter ego, single employer and/or successor of Greiner's.

2.      Plaintiff's Motion shall be and hereby is granted

3.      Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as

amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiff,

International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and against

Defendants, Greiner's Sub-Station, Inc. a/k/a Greiner's Substation Specialties, LLC a/k/a Greiner

Brothers Painting a/k/a Greiner Brothers Paint Center ("Greiner's"), DMG Drywall & Painting

a/k/a DMG Drywall and Painting ("DMG" and, together with Greiner's, "Companies"), and

Scott Greiner, individually and d/b/a DMG Drywall & Painting a/k/a DMG Drywall and Painting

("Individual Defendant" and together with Companies, "Defendants"), jointly and severally, in

the amount of $31,558.43 which includes the following:

171353-1

(a)    Contributions in the amount of $20,994.16 for the period July 2005 through July 2006.

(b)    Interest on the unpaid contributions set out in ¶ 2(a) above through August 31, 2006 in the amount of $776.80.  Interest on the unpaid contributions shall continue to accrue under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621 from August 31, 2006 until the date they are paid.

(c)    Liquidated damages in the amount of $4,822.19.

(d)    Late Fees in the amount of $15.37.

(e)    Attorneys' fees in the amount of $4,288.00 and costs in the amount of $661.91 through August 25, 2006.

4.    Defendants, their owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under the collective bargaining agreement(s).

5.    The Pension Fund shall have the right to conduct an audit of books and records for all relevant periods, including the time period from July 2005 through the date of the audit. Defendants, their owners, officers, agents, servants, employees and all persons acting on Defendants' behalf or in conjunction with Defendants, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent

171353-1                                                    2

records deemed necessary for the purpose of ascertaining and/or verifying payments and/or

liabilities to the Pension Fund. Defendants shall pay to the Pension Fund the cost of the audit

together with any additional amounts found owing, plus such other amounts as set forth in the

collective bargaining agreement, the trust agreements and rules and regulations of the Pension

Fund, ERISA and applicable law.

6.      If further action by Plaintiff to enforce this judgment is required, Plaintiff may

apply to this Court or to the Court in which enforcement is sought for further reasonable

attorneys' fees and costs in addition to those set out in ¶ 2(d) above.

GLADYS KESSLER,                          J.
United States District Judge

Copies of this Default Judgment shall be sent to:

Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Greiner's Sub-Station, Inc. a/k/a Greiner's
Substation Specialties, LLC a/k/a Greiner
Brothers Painting a/k/a Greiner Brothers Paint
Center
2015 North 36th Street
St. Joseph, MO 64506

DMG Drywall & Painting a/k/a DMG Drywall
and Painting
2015 North 36th Street
St. Joseph, MO 64506

Scott Greiner, individually and d/b/a DMG
Drywall & Painting a/k/a DMG Drywall and
Painting
2015 North 36th Street
St. Joseph, MO 64506

171353-1

3